# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| SASHA MARIE PAYTON, | ) | |
| *Petitioner*, | ) | Case No. 3:25-cv-167 |
| v. | ) | Judge Atchley |
| STANLEY DICKERSON, | ) | Magistrate Judge McCook |
| *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 5]. On April 22, 2025, the Court entered an order noting that (1) the claims in Petitioner's § 2254 petition appear very likely to be time-barred and/or subject to dismissal due to procedural default; (2) Petitioner did not sign her petition and therefore has not satisfied Rule 11(a) of the Federal Rules of Civil Procedure regarding that pleading; and (3) according to the inmate trust account certificates Petitioner filed with her motion for leave to proceed *in forma pauperis*, she has sufficient funds to pay the $5.00 filing fee in this matter. [Doc. 6 at 1–2]. Accordingly, the Court denied Petitioner's motion for leave to proceed *in forma pauperis*, ordered Petitioner to pay the $5.00 filing fee within thirty (30) days of entry of the order, notified Petitioner that if she failed to timely pay the filing fee, the Court would dismiss this action for want of prosecution and failure to comply with a Court order without further notice, and directed the Clerk to send Petitioner a copy of the last page of her petition, which Petitioner was to sign and return to the Court within thirty (30) days. [*Id.* at 2].

The Court also (1) notified Petitioner that if she did not timely return a signed copy of the last page of her petition, the Court would strike that petition pursuant to Rule 11(a) and dismiss

this action without further notice and (2) ordered Petitioner to show good cause within thirty (30) days as to why the Court should not dismiss her petition as time-barred and/or due to her procedural default of her claims [*Id.*].

Petitioner has not responded to this order, and her time for doing so has passed. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Under Rule 41(b), the Court may dismiss a case due to a litigant's failure "to prosecute or to comply with these rules or a court order[.]" FED. R. CIV. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under FED. R. CIV. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

First, the record indicates that Petitioner's failure to timely comply with the Court's previous order was due to her willfulness or fault, as it appears that she received the order and chose not to comply. Second, Petitioner's failure to comply with the Court's order has not prejudiced Respondent. Third, the Court's previous order expressly warned Petitioner that failure to comply therewith would result in the dismissal of this action. [*Id.*]. Finally, the Court concludes

that alternative sanctions are not warranted, as Petitioner failed to comply with the Court's unambiguous instructions.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Petitioner's pro se status did not prevent her from complying with the Court's prior order, and this status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, for the reasons set forth above, (1) the Clerk is **DIRECTED** to **STRIKE** Petitioner's § 2254 petition [Doc. 1]; and (2) this action will be **DISMISSED** pursuant to Rule 41.

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. As jurists of reason would not debate the Court's finding that this action should be dismissed under Rule 41(b) based on Petitioner's failure to prosecute this action and failure to comply with a Court order, a COA **SHALL NOT ISSUE**. The Court

3

also **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. FED. R. APP. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED**.

<u>/s/ Charles E. Atchley, Jr.</u>
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**